United States District Court
Southern District of Texas
**ENTERED**
May 27, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BOBBY SCOTT GONZALEZ, | § | |
| TDCJ #1143533, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. H-16-1304 |
| | § | |
| LORIE DAVIS, | § | |
| | § | |
| Respondent. | | |

**MEMORANDUM AND ORDER OF DISMISSAL**

Petitioner Bobby Scott Gonzalez has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 seeking relief from a state court conviction and sentence. He has also filed an application to proceed *in forma pauperis*. For the reasons stated below, this action must be dismissed.

**I.      Successive Petition**

Court records indicate that petitioner has filed two prior petitions for habeas corpus relief regarding his 2002 felony murder conviction in Harris County cause number 924707. *See Gonzalez v. Thaler*, Civ. A. No. H-10-1132 (S.D. Tex. Jun. 9, 2010) (dismissing the petition on the merits as time-barred under 28 U.S.C. § 2244(d)); *Gonzalez v. Thaler*, Civ. A. No. H-11-3983 (S.D. Tex. *filed* Oct. 31, 2011) (dismissing petition as an unauthorized successive petition). To the extent that petitioner raises the same claims in the present petition that he raised in his previous petitions, this Court is required to dismiss those claims. 28 U.S.C. § 2244(b) (1). To the extent that petitioner seeks relief on grounds not previously presented, he fails to allege or show that he has sought or received authorization from the Fifth Circuit to proceed in this Court with respect to any new claims he is raising. 28 U.S.C. § 2244(b) (3). Accordingly, this action

is DISMISSED without prejudice to petitioner seeking authorization from the Court of Appeals to proceed in this Court on any new claims.

## II.     Certificate of Appealability

A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations and citations omitted). Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.; Beazley v. Johnson,* 242 F.3d 248, 263 (5th Cir. 2001).

On the other hand, when denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Beazley,* 242 F.3d at 263 (quoting *Slack,* 529 U.S. at 484); *see also Hernandez v. Johnson,* 213 F.3d 243, 248 (5th Cir. 2000).  A district court may deny a certificate of appealability, *sua sponte,* without requiring further briefing or argument.  *Alexander v. Johnson,* 211 F.3d 895, 898 (5th Cir. 2000). For the reasons set forth in the Memorandum and Order on Dismissal, the Court has determined that petitioner has not made a showing that reasonable jurists could disagree regarding the Court's procedural ruling. Therefore, a certificate of appealability from this decision will not issue.

### III. Conclusion and Order

1. Petitioner's Motion to Proceed *in forma pauperis* is **GRANTED**.

2. This action is **DISMISSED** without prejudice.

3. A certificate of appealability is **DENIED**.

4. All other pending motions, if any, are **DENIED**.

SIGNED at Houston, Texas, this 26th day of May, 2016.

                                MELINDA HARMON
                            UNITED STATES DISTRICT JUDGE